Carr, J.
It is admitted, that the decree is right, if the bill filed by the legatees of Maryland Thomas Smith was properly dismissed. Therefore, the questions are, 1. Whether Maryland Thomas acquired any title in the woman Mitty and her increase, daring his life ? and 2. Whether the submission to arbitration, and the award, embraced that title.
As to' the first, let the facts alleged and contended for by the appellants, be taken as true, though they are very defectively proved. There was a parol gift by the tenant for life, followed by delivery of possession, to Maryland Thomas, in 1783 or 1785 ; then there was a parol relinquishment of his right and title by Thomas the younger, the remainderman; and Maryland Thomas held the possession till his death in 17S9: did he thereby acquire the title ? If we are to be governed by the laws in force at the time of the gift, as settled by the decisions of this court, the answer must be in the negative. The statutes of April 1757, ch. 6. § 2. and September 1758, ch. 5. § 1. provided that no gift of slaves should be good and sufficient to pass any estate in such slaves, unless the same should be made by will &c. or by deed in writing, duly proved and recorded &c. and those statutes remained in force, unaltered, till October 1787, when a statute was passed, reciting the statutes of 1757 and 1758, and that it had been determined by a late adjudication, that all gifts of slaves were void, *493 unless made in writing See. and enacting, that, thence- .. ,-sii-ji forth, the statutes ox 17o7 and 1758, shouJd be construed to extend only to gifts of slaves, whereof the donors have, notwithstanding such gifts remained in the possession, and not to gifts of such slaves as had or should at any time come into the actual possession of, and have remained with, the donee, or some person claiming under such donee; 1 Rev. Code, ch. 111. § 51. p. 432. Now, in Turner v. Turner, 1 Wash. 139. decided in 1792, this court held, that a parol gift of slaves made between April 1757 and October 1787, though accompanied by delivery of possession, was void, and that the statute of October 1787 was only prospective in its operation. See also Jordan v. Murray, 3 Call 85. and Spiers v. Willison, 4 Cranch 398. The parol gift, in the present case, was made by the widow of Thomas Smith the elder, the tenant for life, in 1783 or 1785, and the gift or release of the remainder by Thomas the younger, was made soon after. By the law at that time, these gifts were void. If it be said, that the possession of Maryland Thomas Smith was sufficient to give him a title, and Jordan v. Murray be relied on to shew that the parol gift may be given in evidence to shew in what right he held; the answer is, that during the life of old Mrs. Smith, the tenant for life, Maryland Thomas’s possession could not be adversary to Thomas the younger, the legatee in remainder, who had no right to the possession during the life of his mother; and she lived till 1800. .1 conclude, therefore, that Maryland Thomas Smith had no title whatever to Milly and her increase, and, of course, could give none to his legatees.
R is, then, not worth while to discuss the question, whether this ground of claim was submitted to the arbitrators in .1801; for, whether it was or not, if Maryland Thomas Smith had no title at all, the bill of his *494 legatees was properly dismissed. I shall, however, merely add, that if Susanna Smith had really held the slaves as executrix of her husband, (which, in fact, she did not pretend) and his title had been better than -t we mugt have taken it as submitted by her to the arbitrators.
The other judges concurred. Decree affirmed.